IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID J. CATALDO, | ) | 1:06-cv-01788-AWI-SMS-P |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION FOR** |
| vs. | ) | **FAILURE TO OBEY A COURT ORDER** |
| | ) | **AND FAILURE TO STATE A CLAIM** |
| WARDEN JAMES A. YATES, et al., | ) | **UPON WHICH RELIEF MAY BE GRANTED** |
| | ) | |
| Defendants. | ) | (Doc. 15) |
| | ) | |

    Plaintiff David J. Cataldo ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    By order filed September 10, 2007, the court found that plaintiff's amended complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's amended complaint and ordered plaintiff to file a second amended complaint within thirty (30) days from the date of service of that order. More than thirty days have passed and plaintiff has not filed a second amended complaint or otherwise responded to the court's order.

//

1

1 Local Rule 11-110 provides that "failure of counsel or of a
2 party to comply with these Local Rules or with any order of the
3 Court may be grounds for the imposition by the Court of any and all
4 sanctions . . . within the inherent power of the Court." District
5 courts have the inherent power to control their dockets and "in the
6 exercise of that power, they may impose sanctions including, where
7 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
8 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action,
9 with prejudice, based on a party's failure to prosecute an action,
10 failure to obey a court order, or failure to comply with local
11 rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
12 1995)(dismissal for noncompliance with local rule); Ferdik v.
13 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
14 failure to comply with an order requiring amendment of complaint);
15 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
16 failure to comply with local rule requiring pro se plaintiffs to
17 keep court apprised of address); Malone v. U.S. Postal Service, 833
18 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
19 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
20 1986)(dismissal for failure to lack of prosecution and failure to
21 comply with local rules).

22 In determining whether to dismiss an action for lack of
23 prosecution, failure to obey a court order, or failure to comply
24 with local rules, the court must consider several factors: (1) the
25 public's interest in expeditious resolution of litigation; (2) the
26 court's need to manage its docket; (3) the risk of prejudice to the
27 defendants; (4) the public policy favoring disposition of cases on
28 their merits; and, (5) the availability of less drastic

alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order of September 10, 2007, requiring plaintiff to file a second amended complaint, expressly stated: "If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim."  Thus, plaintiff had adequate warning that dismissal would result from non-compliance with the court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for plaintiff's failure to obey the court's order of September 10, 2007, and for the reason(s) set forth therein, namely, for failure to state a claim upon which relief may be granted.

1     These Findings and Recommendations are submitted to the United
2 States District Judge assigned to the case, pursuant to the
3 provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**
4 after being served with these Findings and Recommendations,
5 plaintiff may file written objections with the court.  Such a
6 document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure
8 to file objections within the specified time may waive the right to
9 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
10 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:   January 4, 2008**          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE